CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 10 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM F. BRECKENRIDGE,  )  | |
|     Plaintiff,                            ) | Civil Action No. 7:07-cv-00326 |
| ) | |
| v.                                               ) | MEMORANDUM OPINION |
| ) | |
| ALBEMARLE COUNTY POLICE  ) | |
| DEP'T, et. al.,                             ) | By: Hon. James C. Turk |
|     Defendant(s).                   ) | Senior United States District Judge |

Plaintiff William F. Breckenridge, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Breckenridge alleges that the defendants[1] have violated his constitutional rights by referring to him as "The Ghost" and characterizing him as a "prolific local burglar," even before he had been convicted of committing any crime. He seeks monetary damages for emotional distress, public humiliation, family grief (because his mother's home was searched), pain and suffering during his incarceration, loss of wages, and false imprisonment on charges that are not true.[2] Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28

---

[1] Breckinridge sues the Albemarle County Police Dept, and Lieutenant John Telkiera and Det. Phillip Giles of that department; the Charlottesville Police Department and Officer J. E. Chip Harding; Charlottesville Weekly Newspapers; Meg McEvoy (newspaper reporter); The Daily Progress (newspapers); and Rob Seal (newspaper reporter).

[2] Any claim of false imprisonment based on defendants' alleged defamation fails utterly. To prove a § 1983 claim of false imprisonment, a plaintiff must first show that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). If such a suit is brought prior to invalidation of the challenged conviction or sentence, the suit must be dismissed. Id. at 487. To the extent that Breckinridge attempts to bring a claim of false imprisonment under Virginia law, such state law claims are not actionable under § 1983. Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000).

U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[3]

Breckenridge's allegations are somewhat sparse. On March 26, 2007, he was charged with breaking and entering and grand larceny of an I-pod in Albemarle County. On April 3, 2007, he was charged with breaking and entering in the city of Charlottesville. On Saturday, April 7, 2007, the Daily Progress newspaper published an article by Bob Sealy, stating that according to police spokesman Lt. John Teixeira, Breckinridge was also a suspect in about thirty other burglaries from Canterbury Hills and the nearby Hessian Hills neighborhoods. Teixeira was quoted in the Charlottesville Weekly, in an article by Meg McEvoy, referring to Breckinridge as a "prolific local burglar from the 1980s," who had been charged with thirty home robberies in the area. Another police officer, Detective Phillip Giles, told the media that the method of operation seemed similar to the one used by "The Ghost" of the 1980s. Breckinridge claims that the defendants' actions defamed him, in violation of his rights.

Breckinridge's claims must be dismissed for several reasons. First, he fails to demonstrate that the newspapers or reporters named as defendants acted under color of state law in taking the alleged actions against him. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The Supreme Court has articulated a two-part test for determining whether conduct may be "fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922 (1982). First, "[t]he deprivation must be caused by the exercise of some right or privilege created

---

[3]A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

2

by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." Id. Second, "the party charged . . . must be a person who may fairly be said to be a state actor." Id. A person acting under color of state law may be an employee of the state or one acting under the direction of or with the aid of state officials. Id.

Plaintiff alleges no facts indicating any reason that the newspapers or reporters could be considered state actors. He has not alleged that these defendants are state employees or that defendants' actions in publishing the challenged articles in non-governmental publications were taken in concert with any state officials or with the authority of state law behind them. Id. In short, plaintiff has not alleged any respect in which these defendants' actions might be "fairly attributable to the State." Id. Thus, he has failed to allege facts stating any claim against them under §1983.

Second, even assuming that some or all the defendants were acting under color of state law, plaintiff's allegations of defamation do not state any constitutional claim so as to be actionable under § 1983. See Paul v. Davis, 424 U.S. 693, 711 (1976) (finding that defamation is not sufficient to state § 1983 claim absent showing that it caused injury to constitutionally protected right). According to the United States Supreme Court, a plaintiff must allege something more than defamation by a state official to state a claim under § 1983. Id. A plaintiff's reputation is protected by the state through its tort law; mere alleged damage to one's reputation does not implicate liberty or property interests under the Constitution. Paul, 424 U.S. at 711-12.

As stated, defamation, libel, and slander are tort claims traditionally governed by state law. See, e.g., Lamb v. Rizzo, 391 F.3d 1133, 1138 (10th Cir.2004) ("Libel is governed by state law."); Underwager v. Channel 9 Austl., 69 F.3d 361, 366 (9th Cir.1995) ("[D]efamation is primarily governed by state law. . . ."). Section 1983 provides a vehicle for vindication of rights arising under

the constitution or other federal laws, not rights arising under state laws. Weller v. Dept of Social Services for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990). Accordingly, even assuming that Breckinridge might have some actionable claim against the defendant under state tort law, his allegations are not actionable under §1983. Furthermore, as the court finds no federal claim here, the court declines to exercise supplemental jurisdiction over any possible state law claims, pursuant to 28 U.S.C. § 1367(c).[4]

Based on the foregoing, plaintiff's complaint shall be dismissed, pursuant to §1915A, for failure to state any claim upon which relief could be granted. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 10th day of July, 2007.

*[signature]*
Senior United States District Judge

---

[4]Breckinridge has not offered evidence that the court has diversity jurisdiction over his defamation claims, as plaintiff and defendants all reside in Virginia, see 28 U.S.C. § 1332, nor has he demonstrated any other basis for this court's jurisdiction over his claims.

4